UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRUCE LLOYD CAMERON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00333-JPH-MG ) |
| FEDERAL BUREAU OF PRISONS, | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Bruce Cameron filed this lawsuit under the Freedom of Information Act ("FOIA") alleging that the Bureau of Prisons ("BOP") failed to respond to his request for documents. The BOP moves to dismiss, arguing that Mr. Cameron's claim is moot because the BOP has now produced all responsive documents. Mr. Cameron did not respond to the motion to dismiss. For the reasons that follow, the motion to dismiss is **GRANTED**.

**I. Factual and Procedural Background**

Mr. Cameron filed a Complaint against three individual BOP employees claiming, among other things, that the BOP had not yet responded to a FOIA request he submitted in July 2021. Dkt. 1 at 4. Mr. Cameron claimed that he submitted a request "for the Administrative remedy index and responses for the months of May and June 2021, for the FCI Terre Haute prison." *Id.* According to Mr. Cameron, he had "not received anything from the BOP or FCI Terre Haute regarding that request." *Id.* Mr. Cameron then appealed the non-action on his

1

FOIA request on May 20, 2022, and says he was "told appeal could not be resolved." *Id.*

The Court screened Mr. Cameron's Complaint and allowed a claim to proceed against the BOP under FOIA for his claim "that he has not received responses to his records requests." Dkt. 11 at 3.

On March 14, 2023, the BOP produced to Mr. Cameron his administrative remedy index and a copy of informal resolutions filed, formal remedies filed, responses to the remedies filed, and the administrative remedy index for FCI Terre Haute from April 1, 2021, through June 15, 2021. Dkt. 21-1. According to the BOP, it redacted some entries from the documents under certain FOIA exemptions, but it did not withhold any responsive documents. *Id.*

## II. Legal Standard

The BOP moves to dismiss Mr. Cameron' claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.* Further, the Court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been

submitted on the issue to determine whether subject matter jurisdiction exists. *Evers v. Astrue,* 536 F.3d 651, 656-57 (7th Cir. 2008).

The BOP argues that the Court lacks subject matter jurisdiction because Mr. Cameron's claims are moot. "A case becomes moot [and the federal courts lose subject matter jurisdiction] when it no longer presents a case or controversy under Article III, Section 2 of the Constitution. 'In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Eichwedel v. Curry,* 700 F.3d 275, 278 (7th Cir. 2012) (*quoting Murphy v. Hunt,* 455 U.S. 478, 481 (1982)); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ( "[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (*quoting Mills v. Green,* 159 U.S. 651, 653 (1895)); *see also Watkins v. United States Dist. Ct.*, 37 F.4th 453, 457 (7th Cir. 2022) ("If intervening circumstances deprive the plaintiff of a personal stake in the outcome, 'the action can no longer proceed and must be dismissed as moot.'" (*quoting Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 72, (2013)).

### III. Discussion

The BOP argues that Mr. Cameron's claims must be dismissed as moot because it has now produced all of the responsive documents to him. In his Complaint, Mr. Cameron alleged that he requested "the Administrative remedy index and responses for the months of May and June 2021, for the FCI Terre

3

Haute prison" and that he had "not received anything from the BOP or FCI Terre Haute regarding that request." Dkt. 1 at 4.

The BOP has now produced the documents Mr. Cameron requested. Dkt. 21-1. After a "careful review," the BOP determined that some documents should be redacted but did not withhold any. *Id.* Having failed to respond to the motion to dismiss, Mr. Cameron has failed to meet his burden to establish that the jurisdictional requirements have been met. Accordingly, his claim is now moot and subject to dismissal for lack of subject matter jurisdiction. *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) ("Once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot.") (quoting *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993)).

## IV. Conclusion

For the reasons explained above, the defendant's motion to dismiss, dkt. [21], is **GRANTED**. Judgment consistent with this Order and the screening order of October 21, 2022, dkt. 11, shall now issue.

**SO ORDERED.**

Date: 6/20/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRUCE LLOYD CAMERON
19913-056
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov